UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
BIANCA RODRIGUEZ, on behalf of herself and   :
on behalf of all other similarly-situated individuals,  :   Civil Action No.
                           :
            Plaintiff,     :
                           :   **COLLECTIVE AND CLASS**
    v.                    :   **ACTION COMPLAINT**
                           :
PEDRO'S BAR & RESTAURANT, INC. and   :
PORFIRIO SUERO, JR., in his individual and  :   **Jury Trial Demanded**
professional capacities,          :
                           :
            Defendants.   :
---------------------------------------------------------------- X

Plaintiff Bianca Rodriguez, on behalf of herself and all other similarly-situated individuals, as and for her Complaint in this action against Defendants Pedro's Bar & Restaurant, Inc. ("Pedro's" or the "Restaurant") and Porfirio Suero, Jr. (collectively, "Defendants"), alleges as follows:

## NATURE OF THE CLAIMS

1. Pedro's is a DUMBO institution that depicts itself as a haven of fun and relaxation at the gate to Brooklyn, where many Brooklynites have enjoyed Mexican fare and drinks. However, Pedro's has been engaging in longstanding, widespread wage theft, routinely refusing to pay its employees in accordance with federal and state laws.

2. Plaintiff is a waitress at Pedro's and during her employment she and other similarly-situated service employees have been subjected to numerous violations of federal and state laws, including: (i) minimum wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 650 *et seq.*; (ii) illegal retention of employee gratuities in violation of NYLL § 196-d; (iii) failure to pay wages for all hours worked in violation of NYLL §§ 191 *et seq.*; (iv) unlawful wage deductions

in violation of NYLL §§ 193 *et seq.*; (v) failure to provide spread-of-hours compensation in violation of the New York Codes, Rules and Regulations ("NYCRR"), 12 NYCRR § 142-2.4; and (vi) failure to furnish accurate wage notices and wage statements in violation of NYLL § 195, as well as the filing of fraudulent information returns with the Internal Revenue Service ("IRS") in violation of Internal Revenue Code, 26 U.S.C. §§ 7434 *et seq.* ("IRC").

3.      Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all other similarly-situated persons who were employed by Defendants as "Waiters," "Servers," "Bussers," "Bartenders" or other similar "tipped" positions who were not paid the prevailing minimum wage for all hours worked. Plaintiff and all such other similarly-situated persons are jointly referred to herein as the "FLSA Collective."

4.      Plaintiff's claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule ("FRCP") 23 on behalf of herself and on behalf of all other similarly-situated persons who were employed by Defendants as "Waiters," "Servers," "Bussers," "Bartenders" or similar "tipped" positions who: (i) were not paid the prevailing minimum wage for all hours worked; (ii) had gratuities unlawfully retained from their wages; (iii) were not paid for all hours worked; (iv) had unlawful deductions withheld from their wages in violation of NYLL § 193; (v) were not provided spread-of-hours compensation; (vi) were not provided accurate wage statements or wage notices in violation of NYLL § 195; (iv) were not provided wage notices in violation of NYLL § 195 and (v) were not paid for all hours worked. Plaintiff and all other such similarly-situated persons are jointly referred to herein as the "NYLL Class."

5.      Plaintiff's claims under the IRC are brought as a class action pursuant to FRCP 23 on behalf of herself and on behalf of all other similarly-situated persons who were employed by Defendants, on account of Defendants' willful filing of fraudulent information returns with respect to wages and tip income purportedly paid to and on behalf of Plaintiff, including but not limited to, tips reported prior to any "tipping out" that Plaintiff performed.  Plaintiff and all other such similarly-situated persons are jointly referred to herein as the "IRC Class."

## JURISDICTION AND VENUE

6.      Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA and the IRC.  Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under the NYLL.

7.      Pursuant to 28 U.S.C. § 1391(a), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

8.      Plaintiff's claims are properly consolidated as a single action because her claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law as those of the FLSA Collective, NYLL Class and IRC Class.

## ADMINISTRATIVE REQUIREMENTS

9.      Pursuant to 26 U.S.C. § 7434(d), Plaintiff, on behalf of herself individually and the IRC Class (as defined below), will provide a copy of this Complaint to the Internal Revenue Service ("IRS").

## PARTIES

10.     Plaintiff Bianca Rodriguez is an adult resident of New York State, and was employed by Defendants as a Waitress.  At all relevant times, Ms. Rodriguez was an "employee" within the meaning of all applicable statutes.  A Consent to Participate as a Plaintiff in this action executed by Plaintiff Rodriguez will be filed with the Court.

11.     Defendant Pedro's Bar & Restaurant, Inc. is a New York corporation located at 73 Jay Street, Brooklyn, NY 11201.  At all relevant times, Defendant Pedro's Bar & Restaurant, Inc. was, and remains, an "employer" within the meaning of all applicable statutes, an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume of sales made or business done in an amount not less than $500,000.

12.     Defendant Porfirio Suero, Jr. is the owner of Pedro's Bar & Restaurant, Inc.  Mr. Suero exercises sufficient control of Pedro's Bar & Restaurant, Inc.'s day-to-day operations, including, but not limited to, how Pedro's Bar & Restaurant, Inc.'s employees are paid, to be considered Plaintiff's employer under the FLSA and New York State Law.  Upon information and belief, Mr. Suero is a resident of Queens, New York.

## FACTUAL ALLEGATIONS

**Minimum Wage Violations**

13.     Federal and state law require employers to pay employees a minimum wage.

14.     Defendants did not pay Plaintiff, the FLSA Collective and the NYLL Class any minimum hourly wage and they were instead compensated solely through customer tips.

15.     Arguably, Defendants could have paid certain tipped employees at the lower tip-credit minimum wage so long as the "tips" or "gratuities" that such tipped employees receive,

when added to the hourly wages, meet or exceed the standard hourly minimum wage, and so long as all tips received by the employees are retained by the employees.

16.     However, although academic here given that Defendants did not pay any hourly wage to service employees, Defendants were not entitled to avail themselves of a reduced minimum wage by applying the tip credit because, *inter alia*, Defendants required service employees to share and/or pool their tips with non-service employees such as Kitchen Chefs, Counter Chefs and other employees who did not perform "tipped" duties or have any meaningful customer interaction.

**Uncompensated Work Time**

17.     Defendants also routinely failed to pay Plaintiff and the FLSA Collective and NYLL Class for all hours worked.

18.     For instance, Plaintiff and the FLSA Collective and NYLL Class who worked the morning shift were required to arrive up to two hours before customers arrived to make preparations for the lunch shift, including by cleaning menus and receipt books, wiping down tables, counters and computers, cleaning and refilling sauce and salt dispensers, cutting limes, making frozen margaritas and more.

19.     However, the time that Plaintiff and the FLSA Collective and NYLL Class spent preparing for the morning shift was uncompensated because they were not paid any hourly wage and given that they were not servicing customers, they were not paid tips.

20.     Upon the conclusion of their scheduled shifts, Plaintiff and the FLSA Collective and NYLL Class were often required to remain at Pedro's – well after the Restaurant was closed to customers – to clean the premises, wipe down glasses, put away inventory and package utensils for the next shift.

21.     However, Plaintiff and the FLSA Collective and NYLL Class were not compensated for post-closing time because they were not paid any hourly wage and given that they were not servicing customers, they were not paid tips.

**Unlawful Deductions and Spread-of-Hours Violations**

22.     Defendants also unlawfully deducted wages from Plaintiff and the NYLL Class. For example, Defendants unlawfully deducted from the tips they earned if a customer walked out on a bill, if they spilled a drink and had it replaced or if there was a cash register shortage at the end of the night.

23.     The NYLL provides that employees are entitled to an extra hour of wages at the minimum wage rate on days when those employees work more than 10 hours, which is called "spread-of-hours" pay.

24.     While Plaintiff and the NYLL Class often worked double shifts in which they worked more than 10 hours in a single workday, they were never paid spread-of-hours pay.

**Failure to Provide Wage Notices and Accurate Wage Statements**

25.     Defendants never provided Plaintiff and the NYLL Class with wage notices setting forth their rates of pay or any of the additional information required by NYLL § 195(1).

26.     Defendants also never provided accurate wage statements to Plaintiff and the NYLL Class detailing the rate of compensation, the time period covered by the paycheck, the number of hours worked during the applicable time period and many other details required by NYLL § 195(3).

27.     In fact, Plaintiff and the NYLL Class largely did not receive any paycheck at all given that they were compensated nearly entirely through tips and therefore they received virtually no details regarding their compensation.

**Internal Revenue Code Violations**

28.    Upon information and belief, Defendants reported to the IRS the purported total tip wages earned by Plaintiff and each of the members of the IRC Class.

29.    Upon information and belief, the amounts reported to the IRS were false because Defendants would report the total amount of tips attributable to Plaintiff and each of the members of the IRC Class, even though from that sum they were expected to "tip out" non-service staff, including but not limited to Kitchen Chefs, Counter Chefs and other kitchen staff.

30.    As such, the tip wages Defendants reported to the IRS as wages earned by Plaintiff and each of the members of the IRC Class were false and inaccurate and Defendants knew those figures to be false and inaccurate.

31.    Defendants reported to the IRS a greater amount of wages earned by Plaintiff and each of the members of the IRC Class than they were actually compensated, and as such, Plaintiff and each of the members of the IRC Class suffered increased tax liability.

32.    Defendants willfully filed fraudulent information returns with respect to wage and/or tip payments purported to have been made to Plaintiff and the IRC Class.

33.    These information returns falsely stated that taxable income was received by Plaintiff and the IRC Class in the form of wages and/or tips, which included amounts Plaintiff and the IRC Class never received because tips were shared with other non-eligible employees.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

34.    Plaintiff brings her FLSA claims as a collective action pursuant to the FLSA on behalf of herself and on behalf of all other similarly-situated persons who were employed by Defendants as "Waiters," "Servers," "Bussers," "Bartenders" or other similar "tipped" positions during the three year limitations period covered by the FLSA (the "FLSA Collective Period").

35.     At all relevant times, Plaintiff and the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans and practices, and were subject to Defendants' practice of willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and requiring tipped employees to disburse part of their tips with non-tipped employees.

36.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the minimum wage of the FLSA.

37.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 206 by not paying Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked.

38.     Defendants' violations of the FLSA were willful, repeated, knowing, intentional and without a good-faith basis, and significantly damaged Plaintiff and the FLSA Collective.

39.     As a result of Defendants' conduct, Defendants are liable to Plaintiff and the FLSA Collective for the full amount of their unpaid minimum wages, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the FLSA Collective.

40.     While the exact number of the FLSA Collective is unknown to Plaintiff at the present time, upon information and belief, there are at least 40 other similarly-situated persons who were employed by Defendants as "Waiters," "Servers," "Bussers," "Bartenders" or other similar "tipped" positions during the FLSA Collective Period.

41.     Plaintiff is currently unaware of the identities of the members of the FLSA Collective.  Accordingly, Defendants should be required to provide Plaintiff with a list of all

persons employed by Defendants as "Waiters," "Servers," "Bussers," "Bartenders" or other similar "tipped" positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses, so Plaintiff can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

**New York Labor Law Claims**

42.     Plaintiff brings her NYLL claims as a class action pursuant to FRCP 23 on behalf of herself and on behalf of all other similarly-situated persons who were employed by Defendants during the six year limitations period (the "NYLL Class Period") as "Waiters," "Servers," "Bussers," "Bartenders" or other similar "tipped" positions who were: (i) not paid the prevailing minimum wage for all hours worked; (ii) unlawfully denied tips and gratuities; (iii) not paid wages for all hours worked; (iv) denied wages due to unlawful deductions; (v) denied spread-of-hours pay; and (vi) not furnished with accurate wage statements or wage notices.

43.     The basic job duties of the NYLL Class were the same as or substantially similar to those of Plaintiff, and the NYLL Class members were paid in the same manner and under the same common policies, plans and practices as Plaintiff.

44.     The members of the NYLL Class, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including not paying the prevailing minimum wage for all hours worked, unlawfully retaining gratuities, not paying wages for all hours worked, making unlawful deductions, not paying spread-of-hours pay, not furnishing accurate wage statements and not furnishing wage notices.

45.     During the NYLL Class Period, Defendants were fully aware of the duties performed by Plaintiff and the NYLL Class, and that those duties were not exempt from the minimum wage and other applicable provisions of the NYLL and/or its regulations.

46.     As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations.  Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the NYLL Class.

47.     As a result of Defendants' conduct, Defendants are liable to Plaintiff and the NYLL Class for the full amount of their unpaid minimum wages, the tips or gratuities unlawfully distributed to non-service employees, the unpaid wages owed, the unlawfully deducted wages, unpaid spread-of-hours pay, the statutory penalties for failure to distribute accurate wage statements and wage notices, an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the NYLL Class.

48.     Certification of the NYLL Class' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's claims and the claims of the NYLL Class.  Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on her individually and on the NYLL Class.  Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.  Certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the NYLL Class and Defendants.

49.     Plaintiff's claims raise questions of law and fact common to the NYLL Class.

Among these questions are:

a.     Whether Defendants employed Plaintiff and the NYLL Class members within the meaning of the NYLL;

b.     Whether Defendants paid Plaintiff and the NYLL Class members the minimum wage for all hours worked during the NYLL Class Period;

c.     Whether Defendants illegally required Plaintiff and NYLL Class members to share their tips with to non-tipped employees, such as Kitchen Chefs and Counter Chefs and other individuals who were not working in customarily tipped positions and/or did not have meaningful contact with customers;

d.     Whether Defendants' failure to pay Plaintiff and the NYLL Class their wages earned constitutes a violation of NYLL § 191;

e.     Whether Defendants failed to pay spread-of-hours pay to Plaintiff and the NYLL Class;

f.     Whether Defendants failed to furnish accurate wage statements to Plaintiff and the NYLL Class;

g.     Whether Defendants failed to furnish wage notices to Plaintiff and the NYLL Class; and

h.     Whether Defendants' violations of the NYLL and/or its regulations were willful.

50.     These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

51.     Plaintiff is a member of the NYLL Class that she seeks to represent. Plaintiff's claims are typical of the claims of the NYLL Class. The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the NYLL Class.

52.     Plaintiff's interests are co-extensive with those of the NYLL Class that she seeks to represent in this case. Plaintiff is willing and able to represent the NYLL Class fairly and to

vigorously pursue her similar individual claims in this action. Plaintiff has retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiff and her counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

53.     Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

54.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiff's and the NYLL Class' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

55.     The common issues of fact and law affecting Plaintiff's claims and those of the NYLL Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

56.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the NYLL Class. There will be no difficulty in the management of this action as a class action.

57.     The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiff and the NYLL Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of potential plaintiffs litigating identical claims. The

claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.  Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member will make similar legal and factual arguments to prove the Defendants' liability.

58.     The NYLL Class is so numerous that joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiff at the present time, upon information and belief, there are at least 40 similarly-situated persons who were/are employed by Defendants as "Waiters," "Servers," "Bussers," "Bartenders" or other similar "tipped" positions during the NYLL Class Period.

59.     Plaintiff is currently unaware of the identities of the members of the NYLL Class. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants as "Waiters," "Servers," "Bussers," "Bartenders" or other similar "tipped" positions during the NYLL Class Period, along with their last known addresses, telephone numbers and e-mail addresses, so Plaintiff can give the NYLL Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

**Internal Revenue Code Claims**

60.     Plaintiff brings her Internal Revenue Code claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself individually and on behalf of all persons employed by Defendants during the six year limitations period (the "IRC Class Period") who were subjected to Defendants' unlawful filing of fraudulent information returns with the IRS.

61.     The members of the IRC Class, like Plaintiff, were/are subjected to Defendants' unlawful filing of fraudulent information returns with the IRS.

62.     The claims of Plaintiff described herein are typical of the claims of the IRC Class she seeks to represent.

63.     Plaintiff will fairly and adequately represent and protect the interests of the IRC Class and has retained counsel competent and experienced in complex class actions and employment litigation.

64.     Common questions of law and fact exist as to the IRC Class, and predominate over any questions affecting only individual members of the IRC Class, which include, but are not limited to, the following:

a.      Whether Defendants filed fraudulent information returns with the IRS as to Plaintiff and the IRC Class;

b.      Whether Defendants reported that Plaintiff and the IRC Class received taxable income on account of unpaid wages and/or tips;

c.      Whether Defendants reported that Plaintiff and the IRC Class were provided wages and/or tips that were not actually provided;

d.      Whether taxable income was imputed to Plaintiff and the IRC Class for unpaid wages and/or tips;

e.      Whether Plaintiff and the IRC Class suffered increased tax liability on account of Defendants' filing of false information returns; and

f.      Whether Defendants' violations of the Internal Revenue Code were willful.

65.     These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

66.     Plaintiff is a member of the IRC Class that she seeks to represent.  Plaintiff's claims are typical of the claims of the IRC Class.  The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the IRC Class.

67.     Plaintiff's interests are co-extensive with those of the IRC Class that she seeks to represent in this case.  Plaintiff is willing and able to represent the IRC Class fairly and to vigorously pursue her similar individual claims in this action.  Plaintiff has retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.  The combined interests, experience and resources of Plaintiff and her counsel to litigate the individual and IRC Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

68.     Defendants have acted or refused to act on grounds generally applicable to the IRC Class, making final injunctive and declaratory relief appropriate with respect to the IRC Class as a whole.

69.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiff's and the IRC Class' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

70.     The common issues of fact and law affecting Plaintiff's claims and those of the IRC Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

71.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the IRC Class.  There will be no difficulty in the management of this action as a class action.

72.     The cost of proving Defendants' violations of the IRC and the supporting Federal Regulations makes it impracticable for Plaintiff and the IRC Class to pursue their claims

individually.  Maintenance of a class action promotes judicial economy by consolidating a large

class of potential plaintiffs litigating identical claims.  The claims of the IRC Class interrelate

such that the interests of the members will be fairly and adequately protected in their absence.

Additionally, the questions of law and fact common to the IRC Class arise from the same course

of events and each class member will make similar legal and factual arguments to prove

Defendants' liability.

73.    The IRC Class is so numerous that joinder of all members is impracticable.

While the exact number of the IRC Class is unknown to Plaintiff at the present time, upon

information and belief, there are at least 40 similarly-situated persons who were/are employed by

Defendants on whose behalf Defendants filed fraudulent information returns with the IRS during

the IRC Class Period.

74.    Plaintiff is currently unaware of the identities of the members of the IRC Class.

Accordingly, Defendants should be required to provide Plaintiff with a list of all persons

employed by Defendants on whose behalf Defendant filed fraudulent information returns during

the IRC Class Period, along with their last known addresses, telephone numbers and e-mail

addresses, so Plaintiff can give the IRC Class notice of this action and an opportunity to make an

informed decision about whether to participate in it.

**FIRST CAUSE OF ACTION**
**(FLSA Minimum Wage Violations)**
***On Behalf of Plaintiff and the FLSA Collective***

75.    Plaintiff, on behalf of herself and the FLSA Collective, realleges and incorporates

by reference all preceding paragraphs as if they were set forth again herein.

76.    The FLSA requires covered employers, such as Defendants, to pay all non-

exempt employees the prevailing minimum wage for all hours worked.

77.     Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the FLSA.

78.     As set forth above, during the FLSA Collective Period, Defendants did not pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked for Defendants.

79.     As a result of Defendants' failure to pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

80.     Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wages, an additional equal amount in liquidated damages and attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(NYLL Minimum Wage Violations)**
***On Behalf of Plaintiff and the NYLL Class***

81.     Plaintiff, on behalf of herself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

82.     The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.

83.     Plaintiff and the NYLL Class were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the NYLL.

84.     As set forth above, during the NYLL Class Period, Defendants did not pay Plaintiff and the NYLL Class the prevailing minimum wage for all hours worked for Defendants.

85.     As a result of Defendants' failure to pay Plaintiff and the NYLL Class the prevailing minimum wage for all hours, Defendants violated the NYLL.

86.     Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages and attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### (NYLL §§ 191 *et seq.* Violations for Failure to Pay Wages)
### *On Behalf of Plaintiff and the NYLL Class*

87.     Plaintiff, on behalf of herself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

88.     The NYLL requires covered employers, such as Defendants, to pay employees all the wages they are owed with the requisite frequency.

89.     Plaintiff and the NYLL Class were not exempt from the requirement that Defendants pay them all the wages they are owed with the requisite frequency.

90.     As set forth above, during the NYLL Class Period, Defendants did not pay Plaintiff and the NYLL Class all the wages they were owed with the requisite frequency.

91.     As a result of Defendants' failure to pay Plaintiff and the NYLL Class all the wages they are owed with the requisite frequency, Defendants violated the NYLL.

92.     Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class, and entitle them to recover the total amount of their unpaid wages, an additional amount in liquidated damages and attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
### (NYLL §§ 193 *et seq.* Unlawful Deductions)
### *On Behalf of Plaintiff and the NYLL Class*

93.     Plaintiff, on behalf of herself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein

94.     The NYLL prohibits covered employers from making certain deductions from the wages of employees.

95.     As set forth above, during the NYLL Class Period, Defendants unlawfully deducted amounts from the wages of Plaintiff and the NYLL Class.

96.     Defendants did not make said deductions in accordance with the provisions of any law or any rule or regulation issued by any governmental agency.

97.     Plaintiff and the NYLL Class did not authorize Defendants in writing to make said deductions, and said deductions were not for the benefit of Plaintiff or the NYLL Class.

98.     As a result of Defendants' unlawful deductions from the wages of Plaintiff and the NYLL Class, Defendants violated the NYLL.

99.     Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of the wages that were deducted from their pay, an additional amount in liquidated damages and attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
**(Failure to Pay Spread-of-Hours)**
***On Behalf of Plaintiff and the NYLL Class***

100.    Plaintiff, on behalf of herself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

101.    Plaintiff and the NYLL Class members regularly worked more than 10 hours in a workday.

102.    12 NYCRR 146-1.6(a) states that "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

103.     As set forth above, during the NYLL Class Period, Defendants have willfully failed to pay Plaintiff and the NYLL Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

104.     Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover from Defendants their unpaid spread-of-hours wages, an additional amount in liquidated damages and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### (Failure to Furnish Accurate Wage Statements in Violation of NYLL § 195)
*On Behalf of Plaintiff and the NYLL Class*

105.     Plaintiff, on behalf of herself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

106.     As set forth above, during the NYLL Period, Defendants failed to furnish accurate wage statements to Plaintiff and the NYLL Class, in violation of NYLL § 195 by providing wage statements that did not provide the requisite details and information.

107.     Defendants' violations of the NYLL entitle Plaintiff and the NYLL Class to recover damages of one hundred dollars per person affected for each work week that such violations occurred, up to a total of $5,000.00 per person affected, together with reasonable attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
### (Failure to Provide Annual Wage Notices in Violation of NYLL § 195)
*On Behalf of Plaintiff and the NYLL Class*

108.     Plaintiff, on behalf of herself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

109.     As set forth above, during the NYLL Period, Defendants have failed to supply Plaintiff and the NYLL Class with wage notices as required by NYLL § 195(1).

110.    Defendants' violations of the NYLL entitle Plaintiff and the NYLL Class to recover damages of fifty dollars per person affected for each work day that Defendants failed to provide them with wage notices, up to a total of $5,000.00 per person affected, together with reasonable attorneys' fees and costs.

### EIGHTH CAUSE OF ACTION
(Violation of IRC § 7434)
*On Behalf of Plaintiff and the IRC Class*

111.    Plaintiff, on behalf of herself and the IRC Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

112.    26 U.S.C. § 7434 provides that where any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person filing such information return.

113.    As set forth above, during the IRC Class Period, Defendants willfully filed fraudulent information returns with respect to payments purported to be made to Plaintiff and the IRC Class.  These information returns falsely stated that taxable income was received by Plaintiff and the IRC Class in the form of wages and/or tips that were never actually paid.  As a result, Plaintiff and the IRC Class suffered increased tax liability.

114.    Defendants' violations of 26 U.S.C. § 7434 entitle Plaintiff and the IRC Class to recover damages of the greater of: $5,000 per person or the actual economic damages sustained as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving the deficiencies asserted as a result of such filing), plus reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself, the FLSA Collective, the NYLL Class and the IRC Class respectfully requests that this Court:

A.      Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.      Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216;

C.      Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.      Award Plaintiff and the FLSA Collective an additional equal amount as liquidated damages because Defendants' violations were willful and/or without a good-faith basis;

E.      Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23 as to the NYLL Class;

F.      Determine the damages sustained by Plaintiff and the NYLL Class as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of Plaintiff and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

G.      Award Plaintiff and the NYLL Class an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good-faith basis;

H.      Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P.

23 as to the IRC Class;

I.      Determine the damages sustained by Plaintiff and the IRC Class as a result of

Defendants' violations of the IRC and/or its regulations, and award those damages against

Defendants and in favor of Plaintiff and the IRC Class, plus such pre-judgment and post-

judgment interest as may be allowed by law;

J.      Designate Plaintiff as representative of the FLSA Collective, the NYLL Class and

the IRC Class;

K.      Designate Wigdor LLP as class counsel as to the FLSA Collective, the NYLL

Class and the IRC Class;

L.      Award Plaintiff and the IRC Class an award of punitive damages;

M.      Award Plaintiff, the FLSA Collective, the NYLL Class and the IRC Class their

reasonable attorneys' fees and costs; and

N.      Grant Plaintiff, the FLSA Collective, the NYLL Class and the IRC Class such

other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and on behalf of all other similarly-situated persons, hereby

demands a trial by jury on all issues of fact and damages.

Dated: June 5, 2017
      New York, New York               Respectfully submitted,

                                      **WIGDOR LLP**

By: _____
        David E. Gottlieb
        Elizabeth J. Chen

        85 Fifth Avenue
        New York, NY 10003
        Telephone:  (212) 257-6800
        Facsimile:  (212) 257-6845
        dgottlieb@wigdorlaw.com
        echen@wigdorlaw.com

        *Attorneys for Plaintiff, and Proposed*
        *Counsel for the FLSA Collective, the NYLL*
        *Class and the IRC Class*