# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This **SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made and entered into as of this ___ day of December 2017 ("Effective Date"), by and between, on the one hand, Bianca Rodriguez ("Employee") and, on the other hand, Pedro's Bar & Restaurant, Inc. (the "Company,") and Porfirio Suero ("Suero") (the Company and Suero collectively, the "Releasees," and together with Employee, the "Parties").

**WHEREAS**, Employee was employed by the Company through June ___, 2017 ("Separation Date");

**WHEREAS,** on May 3, 2017, Employee, through counsel, sent the Company and Suero a demand letter, alleging that that the Company and Suero, *inter alia*, violated the Fair Labor Standards Act and the New York Labor Law ("Demand");

**WHEREAS**, on or about June 5, 2017, Employee filed suit in the United States District Court for the Eastern District of New York in the matter of *Bianca Rodriguez v. Pedro's Bar & Restaurant, Inc., et al.*, Civil Action No. 17-cv-03358 (the "Action");

**WHEREAS**, the Parties wish to amicably resolve all issues and disputes between them, including but not limited to the claims set forth in the Demand and/or the Action, and have engaged in extensive arms-length negotiations through counsel; and

**WHEREAS**, the Parties understand that they are waiving legal rights by signing this Agreement and enter into this Agreement voluntarily with a full understanding of, and agreement with, all of its terms.

**NOW, THEREFORE**, the Parties, in consideration of the promises, mutual covenants, and commitments set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, agree as follows:

1. **Release by Employee.** In consideration for the Settlement Sum (defined below) and other promises set forth in this Agreement, Employee agrees that she has resigned her employment as of the date that she executes this Agreement, and hereby releases and discharges the Releasees, from, and with respect to, all wage-related actions, causes of action, suits, liabilities, claims, charges and demands whatsoever, to the maximum extent permitted by law, which have accrued at any time from the beginning of time through the date of Employee's execution of this Agreement, including but not limited to: any claims for unpaid or lost benefits, salary, bonuses, commissions, gratuities, payouts, vacation pay, severance pay, business expenses, or other compensation; and any claims arising under the Fair Labor Standards Act,. This release includes any claims for attorneys' fees or expenses relating to the matters released herein. Nothing contained in this Agreement, however, shall preclude Employee from pursuing: (i) any claims for a breach of this Agreement; and (ii) any claims that Employee may have that arise after the Effective Date of this Agreement;.

2. **Consideration.** Employee acknowledges and agrees that she is not entitled to any compensation or benefits from the Releasees, except as expressly provided for in this Agreement, and Employee specifically waives and foregoes all rights to any compensation or benefits of any kind that are not expressly provided to her in this Agreement.

(a) In consideration of the promises of Employee set forth herein, and without any other obligation to do so, the Releasees will pay Employee $27,600.00, less applicable taxes, withholdings, and deductions ("Settlement Sum"), as full and complete settlement and final satisfaction of any and all claims that Employee has or may have against the Releasees through the date of the execution of this Agreement, including any claims for attorneys' fees and costs. The Releasees shall pay the Settlement Sum in the following manner.

i. Until September 1, 2017, Employee shall continue to receive $300.00 per week by check, less applicable taxes, withholdings, and deductions, for a total of $3,000.00, for the time period of June 26, 2017 to September 1, 2017. Such checks shall be made out to "Bianca Rodriguez" and shall be delivered via U.S. Mail directly to Employee at 30 Garnet Street, Apt. 2L, Brooklyn, NY 11231;

ii. On or before September 1, 2017, the Releasees shall provide to Employee's counsel a check made payable to "Bianca Rodriguez" in the gross amount of $13,712.00, less applicable taxes, withholdings, and deductions, which shall represent wages and compensation allegedly due to Employee for her alleged wage violation claims; and

iii. On or before September 1, 2017, the Releasees shall provide to Employee's counsel a check made payable to "Wigdor LLP" in the amount of $10,888.00 for Employee's alleged attorneys' fees, costs, and expenses in connection with Employee's alleged wage violation claims.

(b) The Releasees will issue Employee an IRS Form W-2 in connection with the payments set forth in Section 2(a)(i) and 2(a)(ii). The Releasees will issue an IRS Form 1099 to Wigdor LLP in connection with the payment set forth in Sections 2(a)(iii). Wigdor LLP shall provide a completed IRS Form W-9 to counsel for the Releasees before receiving the payment set forth in Section 2(a)(iii).

(c) Employee represents and warrants that the Settlement Sum constitutes a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act and/or time worked and that, as a result of payment of the Settlement Sum, Employee has been paid properly and fully by the Releasees for all time worked while employed by the Releasees, as well as compensated for any and all other possible financial remedies to which she could be entitled based on the allegations raised in the Demand and/or the Action. Given the Settlement Sum, Employee agrees that she has no entitlement to any wages, compensation, bonuses, commissions, gratuities, reimbursements, payouts, severance pay, vacation pay, business expenses, or other benefits, damages, attorneys' fees or costs from the Releasees, except as specifically provided in this Agreement, and that she will not bring any action contrary to this understanding.

    3.    **Neutral Reference.** The Company agrees that, pursuant to Company policy, it will provide a neutral response to any third-party requests for employment references for Employee, consisting solely of Employee's dates of employment and job title(s). If asked, the Company will state that it is policy to only provide such information.

    4.    **No Admission/No Prevailing Party.** The Parties expressly agree that neither this Agreement, its execution, the performance of any of its terms, nor any of its contents will constitute, be construed as, or be offered as evidence of an admission of any fact or of any wrongdoing or liability by or on the part of the Releasees, and the Releasees expressly denies any wrongdoing or liability on its part. Employee shall not be considered a prevailing party or a successful party.

    5.    **Dismissal of Pending Claims.** Employee agrees to the dismissal of all her claims in the Action, with prejudice, by causing her counsel to execute and return to the Releasees's counsel, a stipulation of dismissal to be held in escrow, and not to be filed, until 5 days after tender of the last payment required by this Agreement.

    6.    **No Further Actions.** Employee agrees not to institute or participate in (except as a witness testifying pursuant to a valid subpoena) any other legal action other than the Action to be dismissed, arbitration, or other proceeding in any forum (including but not limited to state or federal court, any administrative agency, or any contractual grievance procedure) against the Releasees based upon any claim or claims released in this Agreement (collectively, "Proceeding"). If Employee institutes or participates in any Proceeding in violation of this Agreement, Employee waives all relief available to her (including, without limitation, monetary damages, equitable relief and reinstatement) under any of the claims and/or causes of action waived in Section 1 above. Moreover, Employee agrees that she will not accept any award or settlement from any source or Proceeding (including, but not limited to, any proceeding brought by any other person or by any government agency) with respect to any claim or right waived in this Agreement.

    7.    **No Reliance.** Employee acknowledges that, by signing this Agreement, she has not relied upon any representations, promises or agreements made by the Releasees or its employees, officers, directors or representatives (including any Releasees attorneys) that are not contained in this Agreement.

    8.    **Drafter of this Agreement.** In recognition of the fact that the Parties hereto had an equal opportunity to negotiate the language of, and draft, this Agreement, the Parties acknowledge and agree that there is no single drafter of this Agreement, and, therefore, the general rule that ambiguities are to be construed against the drafter is, and shall be, inapplicable. If any language in this Agreement is found or claimed to be ambiguous, each party shall have the same opportunity to present evidence as to the actual intent of the Parties with respect to any such ambiguous language without any inference or presumption being drawn against any party.

    9.    **Entire Agreement.** This Agreement contains the entire agreement and understanding of Employee and the Releasees concerning the subject matter hereof and

supersedes and replaces all prior negotiations and proposed agreements. This Agreement may not be modified or amended except by an instrument in writing signed by the Parties hereto. No waiver of any provision of this Agreement will be binding unless made in a writing signed by the Parties hereto.

10. **Choice of Law/Venue.** This Agreement will be governed by, and construed pursuant to, the laws of the State of New York without regard to its conflict of laws principles. Any dispute under this Agreement shall be adjudicated by a court of competent jurisdiction in the County of Kings, State of New York, and the Parties consent to such jurisdiction, agree that venue only in the County of New York, State of New York would be proper, and hereby waive any challenge thereto based on lack of personal jurisdiction or inconvenient forum.

11. **Headings/Counterparts.** The headings of the paragraphs herein are included for reference only and are not intended to affect the interpretation of the Agreement. This Agreement may be executed by each party in separate counterparts and by facsimile or PDF signatures, and each such duly executed counterpart shall be of the same validity, force and effect as the original.

12. **Severability.** If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement, and, to this end, the provisions of this Agreement are declared to be severable. To the extent the court requirements approval this Agreement, whether in whole or part, and determines that any provision of this Agreement is improper and/or unenforceable, such provision will be modified and/or stricken consistent with the order and/or guidance of the court, and the remainder of the Agreement will remain in full force an effect.

13. **Representations of the Parties.** Employee and the Releasees each represent and warrant that:

(a) She or they have the power and are duly authorized to enter into this Agreement with regard to all matters described herein upon the terms set forth herein, and the persons executing this Agreement are authorized agents for purposes of executing this agreement;

(b) The execution of this Agreement does not put any party hereto in violation of any agreement to which she or they are a party; and

(c) This Agreement constitutes a legal, valid, and binding obligation enforceable in accordance with the terms hereof.

14. **Representations of Employee.** Employee represents and warrants that:

(a) No person or entity other than Employee has or had any interest in the matters released herein, and Employee has the sole right, capacity, and exclusive authority to execute this Agreement; and

(b) Employee has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action released herein.

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement and General Release on the dates entered below.

**BIANCA RODRIGUEZ**

Date: 1/12/2018      *Bianca Rodriguez*

**PEDRO'S BAR & RESTAURANT, INC.**

Date: _____      By: _____

**PORFIRIO SUERO**

Date: _____      _____

5

(b) Employee has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action released herein.

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement and General Release on the dates entered below.

**BIANCA RODRIGUEZ**

Date: _____

Date: _1/16/18_

**PEDRO'S BAR & RESTAURANT, INC.**

By: _____

**PORFIRIO SUERO**

Date: _1/16/18_

_____

5