UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BIANCA RODRIGUEZ,

      Plaintiff,

 -against-             REPORT &
                    RECOMMENDATION
                    17-CV-3358 (DLI) (SMG)
PEDRO'S BAR AND RESTAURANT, INC.,
and PORFIRIO SUERO, JR.,

      Defendants.
----------------------------------------------------------------x
GOLD, STEVEN M., U.S. Magistrate Judge:

  Plaintiff brings this action against her former employer and one if its owners under the Fair Labor Standards Act. The parties have reached a settlement, and now seek its approval by the Court as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Docket Entries 15 and 22.

  I have reviewed the settlement agreement presented to the Court by the parties for review (the "Agreement"). Docket Entry 25. I have also reviewed prior versions of the agreement and letters dated October 25, 2017 and January 5, 2018 submitted by plaintiff in support of the parties' motion for approval. Docket Entries 15, 22, and 23. I have conducted three conferences—one in person and two by telephone—at which I have raised concerns about certain provisions in the earlier versions of the agreement. *See* Docket Entries 18, 20, and 24. In each instance, the parties have either addressed my concerns by presenting additional facts or revised their agreement to account for them.

  Having performed the review described above, I find that the current version of "the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Information Networking Computing, USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (internal quotation marks

and citation omitted); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). In reaching this conclusion, I have considered, among other things, (1) that the settlement amount provides plaintiff with a recovery, net of attorney's fees, greater than the amount of overtime wages she claims are due her, *see* Letter dated January 5, 2018, at 4, Docket Entry 22; (2) that the attorney's fees portion of the settlement is for a relatively modest amount equal to no more than one third of the total amount of the settlement, *see* Agreement Section 2; (3) that the release provided for in the agreement is limited in scope, *see* Agreement Section 1; and (4) that the Agreement does not impose a duty of confidentiality.

    Accordingly, I respectfully recommend that the agreement submitted on February 7, 2018 as Docket Entry 25 be approved, and that the case be closed.

Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before March 8, 2018. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).

                                                    /s/
                                             Steven M. Gold
                                             United States Magistrate Judge

Brooklyn, New York
February 22, 2018

*U:\Rodriguez 17-3358.docx*