UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
BIANCA RODRIGUEZ,                              :
                                               :
                Plaintiff,               :
                                               :     **ORDER ADOPTING IN PART**
                                               :     **REPORT AND RECOMMENDATION**
           -against-                  :     17-CV-3358 (DLI) (SMG)
                                               :
PEDRO'S BAR AND RESTAURANT, INC.,              :
and PORFIRIO SUERO, JR.,                       :
                                               :
                Defendants.              :
------------------------------------------------------------ x

**DORA L. IRIZARRY, Chief United States District Judge:**

      Plaintiff Bianca Rodriguez ("Plaintiff") initiated this action against Pedro's Bar and Restaurant, Inc., and Porfirio Suero, Jr. ("Defendants") on June 5, 2017, asserting claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), the New York Codes, Rules and Regulations ("NYCRR"), and the Internal Revenue Code ("IRC"), 26 U.S.C. §§ 7434 *et seq.* While Defendants appeared in this case, they never answered the complaint and an initial conference never was held, nor was discovery conducted because the parties engaged in settlement discussions early in the case. On October 13, 2017, Plaintiff's counsel advised the Court that the parties had settled the case, and requested that the Court endorse a stipulation of dismissal executed by both parties. *See* Letter, Dkt. Entry No. 14.

      Because this action was brought pursuant to the FLSA, United States Magistrate Judge Steven M. Gold directed the parties to submit a motion for settlement approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* Oct. 14, 2017 Order. Review of the settlement was referred to the magistrate judge by this Court. *See* Oct. 16, 2017 Order. On February 22, 2018, the magistrate judge issued a Report and Recommendation ("R & R") finding, *inter alia*, that the settlement was fair and recommending that the settlement be approved, and the

case closed. *See* R & R, Dkt. Entry No. 26. Pursuant to the settlement agreement, which both parties executed, Plaintiff's attorneys are to receive $9,508.00 in attorneys' fees. *See* Settlement Agreement at 2, Dkt. Entry No. 25. In approving these attorneys' fees, the magistrate judge noted that this amount is "no more than one third [*sic*] of the total amount of the settlement . . . ." R & R at 2. No objections were made to the R & R.

Where a party does not object to an R & R, the court "'need only satisfy itself that there is no clear error on the face of the record.'" *Galvez v. Aspen Corp.*, 967 F. Supp.2d 615, 617 (E.D.N.Y. 2013) (quoting *Reyes v. Mantello*, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003)). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Upon due consideration and review, the Court adopts the magistrate judge's thorough and well reasoned R & R and approves of the settlement except as to the award of attorneys' fees. The matter of the award of attorneys' fees is returned to the magistrate judge respectfully requesting clarification as to the basis of the magistrate judge's recommendation in light of the following analysis.

"In considering the reasonableness of a one-third award, courts often compare this amount to the amount that would be awarded pursuant to the lodestar method." *Larrea v. FPC Coffees Realty Co., Inc.*, No. 15-cv-1515 (RA), 2017 WL 1857246, at *5 (S.D.N.Y. May 5, 2017) (collecting cases and discussing acceptable lodestar multipliers); *see Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-cv-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015). The R & R does not compare the $9,508.00 in proposed attorneys' fees to the lodestar. There is insufficient other information or discussion in the R & R for this Court to determine whether, under the circumstances of this case, it was reasonable or appropriate for the magistrate judge to

determine that a one-third award was reasonable without engaging in a lodestar comparison.

Accordingly, the R & R is adopted and the settlement is approved except with respect to the award of attorneys' fees. This matter is returned to the magistrate judge for clarification of the reasons that he found the one-third award was reasonable without having conducted a lodestar comparison.

SO ORDERED.

Dated: Brooklyn, New York
September 27, 2018

/s/
DORA L. IRIZARRY
Chief Judge