UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BIANCA RODRIGUEZ,

                    Plaintiff,

    -against-

PEDRO'S BAR AND RESTAURANT, INC.,
and PORFIRIO SUERO, JR.,

                    Defendants.
-------------------------------------------------------------------x

SUPPLEMENTAL REPORT & RECOMMENDATION
17-CV-3358 (DLI) (SMG)

GOLD, STEVEN M., U.S. Magistrate Judge:

       Plaintiff brings this action against her former employer and one if its owners under the Fair Labor Standards Act. The parties reached a settlement and I issued a Report recommending its approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Docket Entry 26. In explaining the basis for my recommendation, I observed that the attorney's fees portion of the settlement was for a relatively modest amount—$9,508—equal to no more than one-third of the total amount of the settlement, but I did not otherwise explain why I concluded that the fees portion of the settlement was fair and reasonable.

       On September 27, 2018, Chief United States District Judge Irizarry issued an Order partially adopting my Report and Recommendation but also requesting that I clarify why I approved of the attorney's fees aspect of the settlement. Chief Judge Irizarry pointed out in particular that I did not direct plaintiff's counsel to submit time records or compare any lodestar I calculated to the contingent fee I approved. Order Adopting in Part Report and Recommendation, Docket Entry 30, at 2. I therefore issue this Supplemental Report and Recommendation to explain my reasoning.

"A one-third contingency fee is a commonly accepted fee in this Circuit." *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014). Indeed, when a proposed settlement calls for a greater percentage to be awarded to counsel as fees, courts "often reduce the fee award to one third." *Larrea v. FPC Coffees Realty Co., Inc.*, 2017 WL 1857246, at *5 (S.D.N.Y. May 5, 2017). As Chief Judge Irizarry's Order points out, courts considering whether a one-third fee is reasonable often compare this amount to the lodestar, or the product of a reasonable hourly rate and the reasonable number of hours required to litigate the case. *Id.* After calculating the lodestar, courts frequently apply a multiplier to account for the risks undertaken by counsel when accepting a case on a contingent fee basis. In *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424 (S.D.N.Y. 2014), the court, after undertaking an extensive review of multipliers approved in prior cases, concluded that "a multiplier near 2 compensates" counsel who assume the risk of working on a contingency fee basis "appropriately." 58 F. Supp. 3d at 439. *See also Larrea*, 2017 WL 1857246, at *5 (citing cases approving multipliers between 1.03 and 2.28).

To explain why I did not require counsel to submit time records or calculate a lodestar amount, I first note that the Court's responsibility when reviewing the settlement was limited to deciding whether the agreement reached by the parties, including the amount determined by them to be an appropriate fee award, "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Information Networking Computing, USA, Inc.*, 2008 WL 724155 (E.D.N.Y. Mar. 13, 2008) (internal quotations and citation omitted). The Court's involvement in evaluating the reasonableness of the attorney's fees sought, in other words, was somewhat less than when called upon to set an appropriate attorney's fee in a disputed fee-shifting case.

Second, the amount of fees sought here is quite small, and constitutes no more than the traditional one-third typical in contingent fee cases. The circumstances here are thus distinguishable from the proposed attorney's fee of more than 40 percent of the settlement amount that apparently concerned the Court in *Cheeks*. 796 F.3d at 206 (citing *Lopez v. Nights of Cibiria, LLC*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015).

Finally, my decision to approve the settlement without directing counsel to submit time records or calculating a lodestar was a pragmatic one. As noted above, the fees portion of the settlement in this case totaled $9,508. Although this case was not extensively litigated, counsel necessarily met with and was retained by the plaintiff, learned the relevant facts and drafted and filed a complaint, reviewed relevant documents obtained from defendants in discovery, negotiated the terms of a settlement, obtained plaintiff's approval to accept the settlement, and then prepared and filed a motion for approval of the settlement. It is hard to imagine that any attorney could undertake these tasks without devoting the time necessary to support a lodestar calculation of $9,508, particularly if a multiplier were applied. I respectfully suggest that, when attorney's fees constitute no more than one-third of a settlement amount and total less than $10,000, and when counsel have engaged in at least the level of activity reflected here, the reasonableness of the fees sought may be logically inferred without requiring counsel to submit time records or calculating a lodestar and determining an appropriate multiplier.

Many cases brought under the FLSA involve disputed amounts that, while significant to the parties, are quite small when considered in comparison to the costs of litigation. Requiring submissions from counsel that have little practical value may dissuade attorneys from accepting

3

marginal cases involving small amounts. For this reason and those stated above, I respectfully reiterate my recommendation that the settlement reached by the parties be approved.

                                                          Respectfully submitted,

                                                          _____/s/_____
                                                          Steven M. Gold
                                                          United States Magistrate Judge

Brooklyn, New York
September 28, 2018

*U:\Rodriguez R&R Supp. 17-3358.docx*